### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EVANGELINA PEARSON | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. |
| | ) |
| STATE OF KANSAS, DEPARTMENT OF | ) |
| CORRECTIONS | ) |
|       Defendants. | ) |
| | ) |

## COMPLAINT

COMES NOW Plaintiff, Evangelina Pearson (aka Eva Pearson), by and through counsel, David P. Treviño, Trevino Law Office, LC, and submits the following Complaint against Defendant, State of Kansas, Department of Corrections, ("Department" or "Defendant"), for appropriate legal and equitable relief pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Kansas Act Against Discrimination ("KAAD"), K.S.A. 44-1001 et seq.

### I.  THE PARTIES

1. Plaintiff, Evangelina Pearson, is a resident of the United States and resides in the State of Kansas.

2. Defendant State of Kansas, Department of Corrections (KDOC), is a political subdivision of the State of Kansas, located at 714 SW Jackson, Suite 300, Topeka, KS 66603.  Defendant KDOC may be served upon Kris W. Kobach, Attorney General of the State of Kansas, 120 S.W. 10th St., 2nd Floor, Topeka, KS 66603.

3. Defendant Lansing Correctional Facility is a prison within KDOC, with more than 300 employees in Lansing, Kansas.

## II.  JURISDICTION AND VENUE

*4.* The Plaintiff brings this action for discrimination suffered in violation of Title VII of the Civil Rights Act of 1964 as amended (hereinafter "Title VII"), 42 U.S.C. § 2000e. *et seq.*

5. At all times relevant to this case, Defendant was an "employer" under Title VII as a person having engaged in an industry affecting commerce who has fifteen (15) or more employees for each working day in each twenty (20) or more calendar weeks in the current or preceding calendar year. 42 U.S.C. § 2000e(b).

6. At all times relevant to this case, Plaintiff was an "employee" as defined in 42 U.S.C. § 2000e(t) of Title VII.

7. Other bases for this case arise under the Kansas Act Against Discrimination (hereinafter "KAAD"), K.S.A. § 44-1001 *et seq*.

8. This court may exercise supplemental jurisdiction over Plaintiff's Kansas Acts Against Discrimination (K.S.A. 44-1001 et seq.) claim against Defendant pursuant to 28 U.S.C. § 1367(a).

9. Venue for the cause of action alleged against the defendant herein lies in the U.S. Federal Court District of Kansas, because the consequential actions resulting in these claims took place within the boundaries of this judicial district.

## III.  ADMINISTRATIVE PROCEEDINGS

10. Pearson filed a complaint alleging discrimination because of sex and acts of

retaliation for having openly opposed acts and practices forbidden in Title VII and the Kansas Act Against Discrimination (KAAD) with the Kansas Human Rights Commission (KHRC) and dually filed with the Equal Employment Opportunity Commission (EEOC) on or about May 4, 2022, KHRC Docket # 43744-22, EEOC Charge No. 28D-2022-00489, and the complaint was amended on or May 13, 2022.

11. On or about March 27, 2023, the EEOC sent Notification of Right to Sue to Pearson.  She received the Right to Sue letter on or about March 30, 2023.

12. Pearson filed her initial complaint with this court within ninety (90) days of the receipt of her Notification of Right to Sue.

13. Pearson has exhausted her administrative remedies prior to filing this action under Title VII by filing her complaint with the Kansas Human Rights Commission and the Equal Employment Opportunity Commission.  (EEOC Charge No. 28D-2022-00489).

## IV.  STATEMENT OF FACTS

14. Pearson is a female.

15. Pearson began employment with the Department at the Lansing Correctional Facility on or about January 26, 2004.  She was initially hired as a Corrections Officer 1.

16.  Pearson worked as a member of the Transportation Team from 2009 until March of 2022.

17. Members of the Transportation Team were charged with transporting inmates as needed.

18. During her tenure on the Transportation Team, Pearson worked Monday through Friday, and she would generally have weekends and holidays off.

19. As a member of the Transportation Team, Pearson sometimes would have to perform duties within walls of the Lansing Correctional compound.

20. When Pearson worked within the walls of the Correctional compound, Corrections Supervisor Captain Perez would attempt to assert his authority over the plaintiff even though he was not within her chain of command.

21. Captain Perez scrutinized and monitored Pearson more strictly than other male members of the Transportation Team.

22. On or about August 25, 2021, Pearson received a written reprimand alleging that she had violated personnel polices related to professionalism, conduct, and performance of duties on or about August 21, 2021.

23. Pearson asserts that the Department failed to conduct a proper investigation, including speaking to relevant witnesses, and receiving information from relevant witnesses, prior to issuing her a letter of reprimand.

24. Pearson asserts that Captain Perez sought to publicly humiliate her because of her sex when he berated and intimidated her over the two-way radio system on or about August 21, 2021.

25. On or about November 9, 2021, Pearson sent an email to CS1 Hollister and Major East complaining that she was being scrutinized more strictly than others, and she was being targeted, bullied, treated unfairly, and held to a different standard than others.

26. On or about December 2, 2021, Pearson sent an email to JC at Human Resources to seek equal treatment, and because she believed that she would be retaliated against for reporting her concerns to Human Resources.

27. On the morning of February 23, 2022, Pearson notified her supervisor, CS1 Hollister, that she was going to HR to work on a grievance against Captain Perez. While she was with Kalan Norton at HR, Captain Perez called Norton and told him to relay to Pearson that she would be considered unauthorized absent (UA) until she returned to her post.

28. Later in the morning of February 23, 2022, Pearson sent an email to her supervisors within her chain of command and to Human Resources to report the threat of UA (unauthorized absence) made against her by Captain Perez. In her email, she addressed Capt. Perez directly, and writes in part, "Captain Perez, you need to STOP!" "You need to LEAVE ME ALONE!" "You DO NOT OWN me, as you like to believe!" "His constant harassment is causing me stress."

29. None of her supervisors nor anyone at HR responded to her email.

30. No one at HR contacted Pearson to investigate the plaintiff's concerns and complaint contained in her email of February 23, 2022.

31. On March 5, 2022, Pearson filed a grievance with HR citing constant harassment and complaining that Captain Perez had banned her from entering the Lansing Correctional compound without any legitimate basis.

32. In March 2022, after no supervisor or HR representative responded to her February 23, 2022, email, Pearson reluctantly applied for a Security Patrol

position whereby she believed she would no longer be monitored and harassed by Captain Perez.

33. While on Security Patrol, Pearson worked Saturday through Tuesday, and she was required to work holidays if the holiday fell during her regular work schedule.

34. The change in work schedules negatively affected her ability to spend the holidays with her children as had been the custom as a single mother and as a member of the Transportation Team.

35. In April 2022, Pearson's supervisor instructed her to pay the replacement costs of her badge and state issued multi-tool that went missing due to an unforeseen incident in her home. When a male co-worker previously lost his badge, he was not asked to repay the replacement costs.

36. In March 2023, Pearson took a position at E Dorm, minimum security facility away from the main compound, working Thursday through Sunday and holidays if holidays fell during her regular work schedule.

37. The change in work schedules negatively affected her ability to spend the holidays with her children.

## COUNT I: TITLE VII DISCRIMINATION

38. Pearson incorporates as if set forth in full paragraphs 1 through 37 above.

39. Section 703(a) of Title VII provides: It shall be an unlawful practice for an employer- (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

40. The Department had policies in place to address acts of discrimination or suspected reports of discrimination, but it failed to take action to address Pearson's complaints and reports.

41. The Kansas Department of Corrections has an Internal Management Policy and Procedure (IMPP) which applies to all employees throughout the Department.

42. The Department's IMPP includes a section to address EEO Discrimination Complaint Resolution.

43. The Department's IMPP specifically provides, "Managers and supervisors shall set a positive example, shall inform the appointing authority and Manager of EEO of allegations of discrimination, and shall take immediate corrective action when violations of this policy are known *whether or not a formal complaint is made* (emphasis added).

44. The Department's IMPP further provides, "any supervisor or manager who himself or herself engages in discriminatory behavior or who enables or ignores the discriminatory actions of others shall be subject to discipline, up to and including dismissal."

45. The IMPP further states, "If such discriminatory treatment is reported or observed, *or there is otherwise cause to believe it is occurring* (emphasis added), all managers and supervisors shall take steps, or cause steps to be taken, necessary to rectify the situation, *whether or not a complaint has been filed* (emphasis added).

46. On February 23, 2022, Captain Perez threatened Pearson with UA while she sought to file a grievance at HR against him, and he interfered with her right to file her grievance against him at HR.

47. Pearson's email dated February 23, 2022, provided notice to supervisors, managers, and HR, that should have given them cause to believe it (discrimination) is occurring. Yet, no one responded let alone took action.

48. The Department permitted, condoned, and encouraged Captain Perez to harass, belittle, and scrutinize Pearson more harshly than her similarly situated male co-workers, and it showed reckless indifference to her concerns and complaints to the point that she felt compelled to change jobs within the Department to escape his threats and aggression.

49. Pearson's terms and conditions of employment changed when she left her job on the Transportation Team.

50. Defendant had notice of Pearson's hostile work environment and is liable for its employees' actions and harassment under Respondeat Superior.

### COUNT II: TITLE VII RETALIATION

51. Plaintiff incorporates as if set forth in full paragraphs 1 through 50 above.

52. Section 704(a) of Title VII provides: It shall be an unlawful practice for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice under the Act.

53. The Department retaliated against Pearson for opposing the practices prohibited by the Act when Captain Perez threatened her with unauthorized absence (UA) for filing a grievance with HR.

54. The Department's refusal to address the harassment or acquiescence to the harassment forced Pearson to leave the Transportation Team because no one sought to protect her from persistent harassment from Captain Perez.

## COUNT III: VIOLATION OF KANSAS ACTS AGAINST DISCRIMINATION

55. Plaintiff incorporates as if set forth in full paragraphs 1 through 54 above.

56. The Kansas Acts Against Discrimination mirrors Title VII's prohibition against sex discrimination.

57. The Department violated KSA 44-1009(a)(1) of the Kansas Act Against Discrimination because of gender when it failed to address Pearson's numerous complaints of harassment against Captain Perez.

58. The Department violated KSA 44-1009(a)(4) when it retaliated against her for opposing the practices prohibited by the Act when it failed to protect her and compelling her to change jobs within the Department.

59. The Department violated KSA 44-1009(a)(4) when it retaliated against her for opposing the practices prohibited by the Act when Captain Perez threatened her with unauthorized absence (UA) for filing a grievance with HR.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Eva Pearson, prays that the Court:

(A)  Adjudge and decree that Defendants, State of Kansas, Kansas Department of Corrections, intentionally discriminated against Plaintiff based on gender, and it acted with reckless indifference when it deprived her of the terms, conditions and benefits of employment in violation of Title VII and the KAAD;

(B)     Adjudge and decree that Defendants, State of Kansas, Department of Corrections, retaliated against Plaintiff when it deprived her of compensation, terms, conditions and benefits of employment in violation of Title VII and the KAAD;

(C)     Award Pearson all damages available under Title VII and the KAAD, including back pay, lost bonuses, reimbursement of any and all lost benefits, including retirement plan benefits, social security contributions, and any and all other contributions or benefits, including pre-judgment interest for the injury and damage she suffered.

(D) Order Defendant to pay in excess of seventy-five thousand dollars ($75,000), Plaintiff's costs herein, including reasonable attorney's fees, costs, and expenses, and;

(E)     Award Pearson all such additional affirmative and equitable relief including but not limited to reinstatement, front pay, prejudgment interest, compensatory, punitive damages and other such relief as the Court may deem just and proper.

## IV. JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable claims. Plaintiff hereby designates and requests that trial take place in Kansas City, Kansas.

Respectfully submitted,

/s/ David P. Treviño_____
David P. Trevino, SCN 22920
TREVINO LAW OFFICE, L.C.
120 E. 9th Street, Suite 202
Lawrence, KS 66044
Phone: (785) 856-8738
Fax: (785) 856-1374
david@trevino-law-office.com
ATTORNEY FOR PLAINTIFF